**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3861-24

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MALIK A. YARRELL,

 Defendant-Appellant.

_____

Submitted April 28, 2026 – Decided August 3, 2026

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 00-08-2147.

Malik A. Yarrell, self-represented appellant.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

 Defendant Malik A. Yarrell appeals from the July 21, 2025 order denying reconsideration of the June 9, 2025 order denying his motion to compel

discovery. Judge John I. Gizzo determined that there was no basis to reconsider his prior order, and therefore, denied reconsideration. Having conducted a de novo review, we agree and affirm.

I.

In our decision affirming the trial court's 2016 order denying the very same relief, we summarized the lengthy procedural history of this case as follows:

> On December 18, 2000, defendant pled guilty to all charges in three indictments charging him with conspiracy to commit murder, purposeful or knowing murder, and weapons offenses. Pursuant to the plea agreement, defendant consented to testify truthfully against his co-defendants and the State agreed to dismiss a fourth indictment and recommend an aggregate sentence of thirty years in prison with a thirty-year period of parole ineligibility. On January 17, 2003, the sentencing judge found that defendant breached his plea agreement by refusing to testify against two of his co-defendants, and sentenced defendant to two consecutive terms of life imprisonment with thirty-year periods of parole ineligibility.
>
> Defendant filed a direct appeal from his convictions and sentence. In an unpublished opinion, we affirmed the convictions and sentence in part, but remanded for the entry of corrected judgments of conviction merging the convictions for possession of a weapon for an unlawful purpose with the murder convictions, and for separate sentencing on the convictions for unlawful possession of weapons without a permit. State v.

2

A-3861-24

Yarrell (Yarrell I), No. A-0691-03, 2005 N.J. Super. Unpub. LEXIS 284 (App. Div. Oct. 20, 2005). The Supreme Court denied defendant's petition for certification. State v. Yarrell, 186 N.J. 603 (2006).

Defendant filed a petition for post-conviction relief (PCR) in June 2006, alleging ineffective assistance of counsel. The PCR judge denied the petition, and we affirmed. State v. Yarrell (Yarrell II), No. A-3892-06, 2009 N.J. Super. Unpub. LEXIS 993 (App. Div. Apr. 9, 2009), certif. denied, 200 N.J. 207 (2009).

Defendant filed a federal habeas petition on October 12, 2010. On February 24, 2011, the District Court issued an Opinion and Order directing defendant to show cause why his habeas petition should not be dismissed as time barred under 28 U.S.C. § 2244(d). Yarrell v. Bartkowski, No. 10-5337, 2011 U.S. Dist. LEXIS 18146 (D.N.J. Feb. 24, 2011). Defendant filed his response, and on October 18, 2011, the District Court dismissed the petition as time-barred. Yarrell v. Bartkowski, No. 10-5337, 2011 U.S. Dist. LEXIS 119913 (D.N.J. Oct. 18, 2011). The District Court thereafter denied defendant's motion for reconsideration. Yarrell v. Bartkowski, No. 10-5337, 2012 U.S. Dist. LEXIS 63785 (D.N.J. May 7, 2012).

[State v. Yarrell (Yarrell III), No. A-1408-16 (App. Div. Feb. 7, 2018) (slip op. at 2-3).]

In 2016, approximately sixteen years after pleading guilty, defendant filed a motion to compel discovery of a written statement given by one of his co-defendants, Jovar Persha. In a September 30, 2016 order and accompanying written decision, the trial court denied the motion without prejudice, explaining:

> Generally, the discovery obligations outlined in the [New Jersey] Court Rules do not extend past conviction. See State v. Marshall, 148 N.J. 89, 268 (1997); see also R. 3:13-2 to -4. "Nonetheless, . . . even in the absence of authorization in the form of a Court Rule or constitutional mandate, New Jersey courts have the inherent power to order discovery when justice so requires." Marshall, 148 N.J. at 269 (internal quotation omitted).
>
> While recognizing the authority of the courts to order discovery post-conviction, the New Jersey Supreme Court anticipated that "only in the unusual case" will a court invoke such power. Id. at 270. The Court went on to note that a post-conviction "discovery order should be appropriately narrow and limited," as there "is no post-conviction right to 'fish' through official files for belated grounds of attack on the judgment, or to confirm mere speculation or hope that a basis for collateral relief may exist." I[bi]d. (internal quotations omitted). Thus, where a convicted defendant presents the "court with good cause to order the State to supply the defendant with discovery that is relevant to the defendant's case and not privileged, the court has the discretionary authority to grant relief." I[bi]d. The defendant bears the burden of persuading the court to exercise its judicial discretion.

The court found that defendant had failed to show "good cause" as to why discovery should be ordered. We affirmed that decision on appeal, Yarrell III, slip op. at 1, and the Supreme Court denied certification, 235 N.J. 340 (2018).

Seven years later, defendant filed the present motion seeking the same relief—an order compelling disclosure of co-defendant's statement. On June 9,

4

2025, Judge Gizzo denied the motion, finding defendant's motion requested the same relief as previously requested in 2016, which was denied, and the merits of this claim were already addressed by the court. Furthermore, the judge reasoned that for the court to "exercise its judicial discretion" and direct post-conviction discovery, defendant "needs to persuade the reviewing court that good cause exists for the [c]ourt to exercise its judicial discretion." The judge found that defendant's motion:

> fails to demonstrate "good cause" for why the [c]ourt should grant your motion and order post-conviction discovery. While [defendant] specif[ies] that there is a particular statement that was allegedly made by a co-defendant, [defendant] note[s] in [his] certification that this this statement [could] contain exculpatory or impeaching information. [citation omitted].
>
> The fact that this statement in question could contain exculpatory or impeaching information is speculative in nature. It is also unclear how this statement allegedly made by the co-defendant would negate [defendant's] guilty plea or lead to a cognizable PCR claim.

Defendant sought reconsideration. The judge denied the motion, concluding defendant failed to provide any basis for the court to reconsider its prior decision.

Defendant appeals raising six contentions for our consideration:

POINT I
THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DISCOVERY OF [MATERIAL] EVIDENCE.

POINT II
THE DENIAL OF DISCOVERY VIOLATES DUE PROCESS AND [BRADY[1]] OBLIGATIONS.

POINT III
THE TRIAL COURT MISAPPLIED THE "GOOD CAUSE" STANDARD AND IGNORED ESTABLISHED MATERIALITY.

POINT IV
THE DENIAL OF RECONSIDERATION WAS ARBITRARY AND FAILED TO ADDRESS NEW ARGUMENTS.

POINT V
POLICY AND CONSTITUTIONAL CONSIDERATION STRONGLY FAVOR DISCLOSURE.

POINT VI
THE PROSECUTION'S UNUSUAL RESISTANCE TO DISC[L]OSURE AND THE TRIAL COURT'S DEFERENCE RAISE SERIOUS CONCERNS ABOUT FAIRNESS, MOTIVE, AND THE INTEGRITY OF THE JUDICIAL PROCESS.

---

[1]  Brady v. Maryland, 373 U.S. 83 (1963).

6

II.

We review a trial judge's denial of a reconsideration motion for abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Rule 4:49-2 governs reconsideration of a final judgment, which is only appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). In other words, reconsideration is not intended for those cases where a litigant is unhappy with a decision and wants to reargue a motion. Palombi v Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

Rule 3:22-5 provides:

> A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.

This Rule's "bar to review of a prior claim litigated on the merits is not an inflexible command and must yield to a fundamental injustice." State v.

7

Hannah, 248 N.J. 148, 178-79 (2021) (quoting State v. Nash, 212 N.J. 518, 547 (2013) (quoting State v. Franklin, 184 N.J. 516, 528 (2005))) (internal quotation marks omitted). "To demonstrate a fundamental injustice, a defendant must show that an error or violation played a role in the determination of guilt." Id. at 179 (quoting Nash, 212 N.J. at 546 (quoting State v. Mitchell, 126 N.J. 565, 587 (1992))) (internal quotations omitted).

Defendant acknowledges that he raised the same issues in 2016, and the court denied relief without prejudice. The arguments defendant now makes on appeal are essentially the same arguments he presented to the trial court and which were previously raised in his 2016 application. As the trial court concluded in 2016, and Judge Gizzo found in 2025, defendant has not demonstrated how the "purported inculpatory written statement" of the co-defendant would negate his guilty plea. The inability to show how the lack of disclosure of the co-defendant's statement played a role in defendant's guilty plea is fatal to defendant's request. We agree with the judge that defendant's present motion to compel discovery "is nothing more than an effort to confirm mere speculation or hope that a basis for collateral relief may exist, which is not a valid ground for discovery to be compelled at this juncture." (citing Marshall,

148 N.J. at 270).  Furthermore, we discern no abuse of discretion in the judge's decision denying reconsideration of his prior order.

To the extent we have not addressed any other arguments raised by defendant, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion in light of our primary holding.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3861-24